# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

───────────

No. 98-2134EM

───────────

United States of America,

          Appellee,

v.

Donald Pinnell,

          Appellant.

\*
\*
\*   Appeal from the United States
\*   District Court for the Eastern
\*   District of Missouri.
\*
\*      [UNPUBLISHED]
\*
\*

───────────

Submitted: December 14, 1998
Filed: December 23, 1998

───────────

Before FAGG, HEANEY, and WOLLMAN, Circuit Judges.

───────────

PER CURIAM.

A jury convicted Donald Pinnell of possession with intent to distribute methamphetamine and conspiracy to distribute methamphetamine. The district court sentenced Pinnell to 156 months in prison. Pinnell appeals his convictions and sentence, and we affirm.

First, Pinnell contends the evidence does not support his conspiracy conviction. We disagree. Two of Pinnell's coconspirators testified they supplied Pinnell quantities of methamphetamine for distribution, discussed methamphetamine shipments, and agreed how to divide a methamphetamine shipment. Having reviewed the evidence in

the light most favorable to the verdict, we conclude sufficient evidence exists from which a reasonable jury could find Pinnell guilty beyond a reasonable doubt of conspiring to distribute methamphetamine. See United States v. McCracken, 110 F.3d 535, 540 (8th Cir. 1997). We also reject Pinnell's other evidentiary challenges. Contrary to Pinnell's view, the evidence established Pinnell's participation in the conspiracy, thus the district court properly admitted the testimony of Pinnell's coconspirators. See United States v. Escobar, 50 F.3d 1414, 1423 (8th Cir. 1995); Fed. R. Evid. 801(d)(2)(E). Also, the district court did not abuse its discretion when it admitted evidence of Pinnell's earlier methamphetamine-distribution activities because the Government's evidence satisfied the requirements of Federal Rule of Evidence 404(b), and the evidence was more probative than prejudicial. See United States v. Lyon, 959 F.2d 701, 706 (8th Cir. 1992).

Next, we reject Pinnell's challenge to his sentence because the record shows the district court correctly calculated Pinnell's guideline sentence by attributing to him the amount of the conspiracy's methamphetamine that was reasonably foreseeable. See United States v. Brown, 148 F.3d 1003, 1008 (8th Cir. 1998). Finally, Pinnell's argument that the district court improperly admitted coconspirator testimony exchanged for the Government's promise of reduced sentences or immunity is foreclosed by the holdings of this court. See United States v. Payne, 940 F.2d 286, 290-91 (8th Cir. 1991).

We affirm Pinnell's convictions and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-